## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**CARNELL MORRIS (#100116)**                                    **CIVIL ACTION**

**VERSUS**                                                                **NO. 19-119-JWD-EWD**

**JAMES M. LEBLANC, ET AL.**

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 25, 2021.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CARNELL MORRIS (#100116)**                                    **CIVIL ACTION**

**VERSUS**                                                      **NO. 19-119-JWD-EWD**

**JAMES M. LEBLANC, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Carnell Morris ("Plaintiff"), an inmate representing himself, who was previously confined at the Elayn Hunt Correctional Center ("EHCC") in St. Gabriel, Louisiana,[1] filed this proceeding pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, Warden Tim Hooper, Colonel Jason Russ, Master Sargeant Jones, Sargeant Kirk, Captain Rasheen, EMT Smith, and EMT John Doe (collectively "Defendants"). Plaintiff's Complaint alleges he sustained personal injuries on February 19, 2018 when he slipped and fell in a puddle of water on his cell floor and that Defendants were deliberately indifferent for delaying his medical care and for subjecting him to unsafe conditions in his cell. For relief, Plaintiff requests compensatory and punitive damages, along with a declaration that the defendants' acts were unconstitutional.[2] Dismissal is recommended as Plaintiff's Complaint fails to state any cognizable federal claims.

**I.    Law and Analysis**

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by another other plaintiff who has been granted IFP status, if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. Dismissal under either statute may be made at any time, before or after service of process and

---

[1] Plaintiff is currently confined at the Allen Correctional Center in Kinder, Louisiana. R. Doc. 18.
[2] R. Doc. 1.

before or after an answer is filed. The statutes impose similar standards for dismissal.[3] Both statutes are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[4] A claim has no arguable basis in law if it is based upon a meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[5] The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[6] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[7]

### A.    Plaintiff's Claim for the Slip and Fall is not Actionable Under 42 U.S.C. § 1983

To the extent that Plaintiff is asserting that Defendants are liable for negligence in causing his "slip and fall," such a claim is not cognizable in a federal civil rights action filed pursuant to 42 U.S.C. § 1983. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."[8] As the United States Fifth Circuit Court of Appeals has observed, "'[I]t is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.'"[9]

---

[3] § 1915(e) provides a procedural mechanism for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; § 1915A provides a procedural mechanism for dismissal of lawsuits by prisoners against a governmental entity or employee of a governmental entity that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Plaintiff was granted permission to proceed *in forma pauperis* on April 26, 2019 (R. Doc. 4), so both statutes apply.
[4] *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).
[5] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[6] *Denton*, 504 U.S. at 32.
[7] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[8] *Baker v. McCollan*, 443 U.S. 137, 146 (1979).
[9] *Price v. Roark,* 256 F.3d 364, 370 (5th Cir. 2001) (quoting *Nesmith v. Taylor,* 715 F.2d 194, 196 (5th Cir.1983)).

One court, in dismissing a prisoner's complaint for a slip and fall incident due to a leaking toilet in his cell, summarized the inability of a prisoner to maintain such a claim under § 1983 as follows:

> Ultimately, Plaintiff's slip-and-fall claim fails to state a constitutional claim. The Fifth Circuit, and other courts, have frequently rejected constitutional claims arising from slip and fall accidents. *See Coleman v. Sweetin*, 745 F.3d 756, 764 & n.7 (5th Cir. 2014). "[T]he existence of slippery conditions in any populous environment represents at most ordinary negligence rather than a condition so threatening as to implicate constitutional standards." *Id.* at 764. As a matter of law, "slip-and-fall claims almost never serve as the predicate for constitutional violations". *Id.* Slip and fall lawsuits present "garden-variety negligence claim[s] ... not actionable under section 1983". *Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995). As the United States Supreme Court has explained: "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles." *Baker v. McCollan*, 443 U.S. 137, 146 (1979). Based on the foregoing, the Court finds Plaintiff's complaint should be dismissed for failure to state a claim.[10]

Plaintiff's claim against any Defendant related to negligence for his slip and fall is not actionable under § 1983.

### B. Plaintiff Fails to State a Claim for Deliberate Medical Indifference

Plaintiff has also failed to state a claim for deliberate medical indifference. Plaintiff complains that after he slipped and fell, he advised Sargeant Kirk around 7:30 p.m. that he needed medical attention.[11] Around 8:30 p.m. Captain Rasheen observed him lying in a puddle of water and assured Plaintiff that he would notify medical.[12] Plaintiff was ultimately seen by an EMT

---

[10] *Evans v. Harrison Cty. Adult Det. Ctr.*, No. 18-87, 2020 WL 980149, at *2 (S.D. Miss. Feb. 28, 2020).
[11] R. Doc. 1, pp. 8-9 ("At or about 7:30 pm Sgt. Kirk made rounds on the tier and observed the plaintiff laying on the floor of his cell in a puddle of water. The plaintiff then advised Sgt. Kirk that he slipped and fell and needed medical attention. Sgt. Kirk then exited the tier and notified his supervisor.").
[12] R. Doc. 1, p. 9 ("At or about 8:30 pm Capt. Rasheen came to Beaver #5 C Tier Cell # 14 to assess the situation and observed the plaintiff still laying on the floor of his cell in a puddle of water. After the plaintiff explained to Capt. Rasheen what took place, Capt. Rasheen assured the plaintiff that he would notify medical.").

around 11:30 p.m. Plaintiff alleges that this EMT, "John Doe," told him that his wrist would be x-rayed the next day.[13] According to Plaintiff, he was taken at 8:00 a.m. on February 20, 2018, one day after the alleged slip and fall, to the EHCC infirmary for x-rays to his right wrist.[14] Plaintiff alleges that he advised EMT Smith on February 20, 2018 and on February 21, 2018 that he had fallen on February 19, 2018, was hurting and needed medical attention.[15] Plaintiff alleges that the defendants failed to properly document his injury and refer him to a doctor. According to the Complaint, it appears that Plaintiff did not see a doctor until he made a "routine sick call" at David Wade Correction Center on March 20, 2018 where he was examined by a doctor and provided anti-inflammatory medication.[16]

Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind.[17] This requires a showing that officials refused to treat the plaintiff, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly establish a wanton disregard for the prisoner's medical needs.[18] Thus, a prison official or doctor acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it."[19] Moreover, a delay in providing medical care to an inmate can only constitute an Eighth Amendment violation if there has been deliberate indifference resulting in

---

[13] R. Doc. 1, p. 9 ("At or about 11:30 pm the plaintiff was finally seen by John Doe, an unknown name EMT, who basically examined plaintiff by asking plaintiff where he was hurting. Plaintiff advised the said John Doe EMT that he hurt his back, right wrist, leg, and hit his head. The EMT advised the plaintiff that he would order x-rays for his right wrist.").
[14] R. Doc. 1, p. 10 ("On 2/20/18 at or about 8:00 AM, plaintiff was escorted to EHCC's infirmary where he had x-rays performed on his right wrist.").
[15] R. Doc. 1, p. 10.
[16] R. Doc. 1, p. 13 ("On 3/20/18, plaintiff made routine sick call to David Wade Correctional Center ("DWCC") Medical Department on a sick call request form … plaintiff was referred to the doctor at DWCC for the injuries he sustained as a result of his slip and fall incident at EHCC. Upon being examined by a doctor at DWCC for his medical complaint, the doctor at DWCC prescribed the plaintiff anti inflammatory medication for the injuries he sustained at EHCC on 2/19/18.").
[17] *Estelle v. Gamble,* 429 U.S. 97, 105-06 (1976).
[18] *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).
[19] *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

substantial harm.[20] In such cases, the facts alleged must clearly show the "serious medical need" in question, as well as the alleged official's dereliction.[21] "A serious medical need is one for which treatment has been recommended *or for which the need is so apparent that even laymen would recognize that care is required.*"[22]

Plaintiff's allegations are insufficient to show that Defendants were deliberately indifferent to a substantial risk of serious harm. First, Plaintiff's chief complaint seems to be the delay between a prison official receiving notice of his fall at 7:30 p.m. on February 19, 2018 and receipt of medical attention at 11:30 p.m. when the John Doe EMT arrived. Plaintiff does not allege substantial (or any) harm resulted from this delay. Further, Plaintiff has not shown that prison officials failed to treat him for his alleged injuries from the slip and fall as he admits he was seen by an EMT that night and taken for x-rays the next morning. While Plaintiff does reference additional complaints requesting medical attention in the two days following the accident (February 20 and 21, 2018), on one of those days (February 20) he was taken for x-rays. Although Plaintiff says he made a sick call at DWCC on March 20, 2018 based on his slip and fall injuries and was prescribed anti-inflammatory medication by a doctor, he does not allege that he made any additional complaints to EHCC personnel during the intervening month. Even if he had made additional complaints, a one-month delay in treatment has been found insufficient to support a claim for deliberate medical indifference where no substantial harm is alleged.[23] Plaintiff does not allege substantial (or any) harm resulting from the one-month delay and the fact that he was treated

---

[20] *Easter v. Powell,* 467 F.3d 459, 463 (5th Cir. 2006).
[21] *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985).
[22] *Gobert,* 463 F.3d at 345, n. 12 (5th Cir. 2006) (citations omitted).
[23] *Thomas v. Carter*, 593 Fed.Appx. 338, 345 (5th Cir. 2014) (rejecting deliberate indifference claim based on one-month delay in scheduling referral); *Collins v. Medicated Dept.*, No. 15-2495, 2017 WL 2927326, at *3 (W.D. La. April 11, 2017) (rejecting deliberate indifference claim based on one-month delay between initial symptoms and hospital admission where the plaintiff did not establish substantial harm); *Lacy v. Navarro County Sheriff's Office*, No. 08-450, 2009 WL 1160356, *3 (N.D. Tex. April 28, 2009) (rejecting deliberate indifference claim based on one-month delay in prescribing medication where the plaintiff did not establish substantial harm).

with nothing more than anti-inflammatory medication in March 2018 suggests that any harm was not substantial.

Plaintiff's Complaint, at most, alleges claims of negligence, which are not actionable under 42 U.S.C. § 1983. As Plaintiff has failed to state a federal claim upon which relief may be granted, any federal claims should be dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

### C.    Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. Having recommended that Plaintiff's federal claims be dismissed, it is also recommended that the Court decline the exercise of supplemental jurisdiction.

### D.    Plaintiff Should Not Be Given Leave to Amend

"Ordinarily, a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed."[24] "Granting leave to amend, however, is not required if the plaintiff has already pleaded her best case,"[25] and leave to amend is not required when an amendment would be futile, *i.e.*, "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'"[26]

Plaintiff's Complaint is detailed, thorough and easy to comprehend.  Under the circumstances, it does not appear that Plaintiff will be able to state any cognizable federal claims

---

[24] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (internal quotation marks omitted).
[25] *Id.*
[26] *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016), citing *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014), quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).

consistent with the facts alleged. For that reason, denial is recommended, should Plaintiff seek leave to amend.

## II.   RECOMMENDATION

**IT IS RECOMMENDED** that all federal claims be **DISMISSED, WITH PREJUDICE**, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[27]

**IT IS FURTHER RECOMMENDED** that the Court decline the exercise of supplemental jurisdiction over any potential state law claims.

**IT IS FURTHER RECOMMENDED** that leave to amend be denied, if sought.

Signed in Baton Rouge, Louisiana, on June 25, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[27] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."